IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BOBBY RAY COLLINS,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:05-CV-0157-Y |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION,** § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Bobby Ray Collins, TDCJ #766894 and BOP I.D. #27382-077, was a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, when this petition was filed. He has since been transferred to federal custody and is currently incarcerated at the Federal Detention Center in Houston, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Collins was charged in state court with robbery by threats as an habitual offender. (State Habeas R. at 51.) While awaiting trial in state court, Collins was convicted of various offenses in federal court and sentenced to a 240-month term of imprisonment on May 20, 1996. *See* CM/ECF, Criminal Docket for Case # 4:95-CR-103-1, docket entry for May 20, 1996. (State Habeas R. at 26-28.) On October 15, 1996, he was convicted and sentenced in state court pursuant to a plea agreement, the terms of which included the condition that his state sentence run concurrent with his federal sentences. (*Id.* at 52, 56.) Although the state court judgment reflected this fact, the federal court judgment was silent on the issue. Collins state sentence was fully discharged on April 30, 2005, and he was transferred to federal custody for completion of his 240-month federal sentence.

Collins filed a state application for writ of habeas corpus raising one or more of the claims raised herein, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on November 10, 2004. *Ex parte Collins*, No. 60-312-02, at cover. Collins filed his federal petition for writ of habeas corpus on February 26, 2005. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).

D. ISSUES

Collins complains that, contrary to the plea agreement in state court, his state and federal sentences are not running concurrently. (Petition at 7.) He also complains that TDCJ was made his place of confinement when he was to serve his sentences in a federal facility and that his federal judgment is silent regarding the state charge. (*Id.*)

2

E. EXHAUSTION

Dretke asserts that one or more of Collins's claims have not been exhausted and that his petition should be dismissed as a mixed petition, or, in the alternative, that his petition should be dismissed as time-barred. (Resp't Answer at 2-4, 6-7.) *See* 28 U.S.C. §§ 2244(d), 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

F. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

3

Dretke contends that Collins's state conviction became final on November 14, 1996, at the expiration of time for filing his notice of appeal, thus he had until November 14, 1997 to file a timely petition, absent any applicable tolling. *Id.* § 2244(d)(1). He further contends that, through the exercise of due diligence, Collins could have discovered the factual predicate of his claims by inquiring about the manner his sentences would be executed upon entering his pleas.

Collins does not indicate when he learned that his state and federal sentences were not running concurrently, however the record reflects that he filed a time credit dispute resolution claim in the state facility on January 8, 2004, and filed his state habeas application on March 12, 2004. Thereafter, actions were taken by state and federal officials to clarify the issue of consecutive/concurrent sentencing. (State Habeas R. at 34, 42.) Collins provides no explanation why he could not have discovered the relevant facts at or shortly after his state sentence commenced on October 15, 1996. Accordingly, the date of the state court judgment is the same as the factual predicate date under § 2244(d)(1)(D).[1] The state court judgment became final on November 14, 1996; thus Collins had until November 14, 1997 within which to file a timely federal petition. Collins is not entitled to tolling of the limitations period during the pendency of his state administrative and habeas proceedings, which were filed after the federal limitations period had already expired. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has he asserted a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable

---

[1]There are no allegations that the state imposed an unconstitutional impediment to the filing of Collins's petition for federal relief or that the Supreme Court has announced a new rule(s) applicable to his claims. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(C) do not apply.

tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).[2]

## II.  RECOMMENDATION

Collins's petition for writ of habeas corpus should be dismissed as time-barred.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 12, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

---

[2] Even if Collins's petition were timely filed, his claims lack merit.  Collins's first claim is refuted by the record, which clearly reflects that the sentences were run concurrently. (State Habeas R. at 33, 42, 47.)  Collins's second claim is moot as he has now been transferred to a federal facility to serve the remainder of his 240-month sentence.  His third claim is not properly brought in a § 2254 petition.

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 12, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 21, 2005.

       /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE